UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

ANTONIO HANSERD, )
)
    *Petitioner,* )
v. ) No. 1:08-cv-283
)
JIM MORROW, Warden ) *Edgar/Lee*
)
    *Respondents.* )

## MEMORANDUM

Antonio Hanserd ("Hanserd") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Court File No. 3). Hanserd seeks review of his 2004 state convictions for second degree murder, attempted aggravated robbery, and attempted especially aggravated robbery. After reviewing the record and the applicable law, the Court concludes that Hanserd's § 2254 petition is time-barred.

**I.**    *Non-dispositive Motions*

Also before the Court is petitioner's motion to proceed *in forma pauperis* which will be **GRANTED** since he does not have any funds in his prisoner account and has not had any funds for the past six months (Court File 1).

**II.**    *Statute of Limitations*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became effective on April 24, 1996, there is a one-year statute of limitation for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1) and (2) provide, in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

1

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  . . .
> (C)  . . .
> (D)  . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to Hanserd's petition for habeas corpus relief he pleaded guilty to one count of second degree murder, attempted aggravated robbery, and attempted especially aggravated robbery on April 12, 2004, and pursuant to his plea agreement, received a sentence of seventeen years. A review of Hanserd's submissions reflect he neither pursued his right to appeal nor filed a state post-conviction petition. Since Hanserd did not pursue a direct appeal, his state court convictions became final on May 12, 2004, upon expiration of the 30-day time period during which he could have filed a direct appeal to the Tennessee Court of Criminal Appeals. *See* TENN. R. APP. P. 4(a); 28 U.S.C. § 2244(d)(1). At this point, Hanserd's conviction became final, for purposes of 28 U.S.C. § 2244(d)(1)(A), *see Bronaugh v. Ohio*, 235 F.3d 280, 282-83 (6th Cir. 2000) (The one year statute of limitations begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."), and the one-year statute of limitations began to run.

Hanserd had one-year from the date his conviction became final in which to file his habeas petition, 28 U.S.C. § 2244(d)(1)(A), but instead of filing his federal habeas petition by May 12, 2005, as required by the statute of limitation, or filing a state post conviction or collateral petition to toll the federal one-year statute of limitation, Hanserd did nothing until he filed a state petition for a writ of habeas corpus on January 31, 2006, approximately eight months after the expiration of

2

the one-year federal habeas statute of limitations. The state trial court dismissed the state petition for a writ of habeas corpus. The court of criminal appeals of Tennessee affirmed the dismissal on October 10, 2006. *Hanserd v. Bell*, 2006 WL 2956494 (Tenn. Crim.App. Oct. 10, 2006).

A state habeas petition filed after the one-year ADEPA statute of limitations expires cannot toll the statute of limitations because there is then no time left to toll. *See Curtiss v. Mount Pleasant Correctional Facility*, 338 F.3d 851, 853-55 (8th Cir.2003) ("Because the deadline for filing Curtiss's federal petition passed on April 13, 2000, his later filing for post-conviction relief in state court cannot act to toll the federal statute of limitations"), *cert. denied*, 540 U.S. 1060 (2003); *Webster v. Moore*, 199 F.3d 1256 (11 th Cir.)("A state-court petition ... that is filed following the expiration of the limitations period cannot toll [the one-year] period because there is no period remaining to be tolled"), *cert. denied*, 531 U.S. 991 (2000). Hanserd did not file a state post-conviction petition or other application for collateral review until January 31, 2006, after the expiration of the one-year period of limitations for filing a § 2254 petition

Although "[t]he one-year period of limitations is tolled by the amount of time that a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending in state court[,]" *Jurado v. Burt*, 337 F.3d 638, 640 (2003), Hanserd does not receive the benefit of this rule as he did not file a state post-conviction petition or other application for collateral review before the one-year statute of limitations for filing a habeas petition in federal court had expired. When Hanserd filed his state petition on January 31, 2006, the statute of limitations for filing a federal habeas petition had already expired; it expired on May 12, 2005. Hanserd filed a state petition for habeas corpus approximately eight months after the one-year statute of limitations for filing a federal habeas petition had expired. Thus, the filing of the state case did not act to toll the federal habeas statute of limitations and when Hanserd filed the instant petition

3

on December 4, 2008, it was more than three years after the one-year statute of limitations for filing a federal habeas petition expired.[1]

In summary, the time for filing a § 2254 petition in Hanserd's case expired on May 12, 2005. Since Hanserd's § 2254 petition was filed on December 4, 2008, it is time-barred by the statute of limitations. Moreover, even if we assume for the sake of discussion that the state petition for habeas corpus relief was timely filed and tolled the federal one-year statute of limitations, Hanserd still would be time-barred because he waited almost two years after his state habeas petition was final, and almost one year after the one-year federal habeas statute of limitations had run under this assumed scenario, before filing the instant federal petition.[2]

Accordingly, it is hereby **ORDERED** that Hanserd's petition for writ of habeas corpus will

---

[1] The instant habeas petition reflects Petitioner gave it to prison authorities for mailing on December 4, 2008. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)).

[2] Hanserd filed his state petition on January 31, 2006. The state trial court dismissed the state petition for a writ of habeas corpus. The court of criminal appeals of Tennessee affirmed the dismissal on October 10, 2006. *Hanserd v. Bell*, 2006 WL 2956494 (Tenn. Crim.App. Oct. 10, 2006). Under this scenario, the sixty days in which Hanserd could have sought review in the Tennessee Supreme Court tolled the federal habeas statute of limitations. Therefore, the statute of limitations would have begun to run on or about December 10, 2006 (at the expiration of the sixty days) and expired on or about December 10, 2007—almost one year before Hanserd filed the instant habeas petition on December 4, 2008. *See Cormia v. Mills*, 2007 WL 2325132, fn. 4 (E.D. Tenn. Aug. 13, 2007); Tenn. R.App.P. 11(b).

4

be **DISMISSED** as time-barred (Court File No. 3). An appropriate judgment will enter.

ENTER this the 5th day of January, 2009.

          */s/ R. Allan Edgar*
          R. ALLAN EDGAR
        UNITED STATES DISTRICT JUDGE

5

Case 1:08-cv-00283-RAE-SKL   Document 4   Filed 01/05/09   Page 5 of 5   PageID #: 42